IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 04 2025 ★
LONG ISLAND OFFICE

Jacqueline Brown

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

United States Department of Veterans Affairs, Northport VA Medical Center

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. CV 25 6139

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes  ☐ No
*(check one)*

**CHOUDHURY, J.**

LOCKE, M. J.

REC'D IN PRO SE OFFICE
NOV 4 '25 PM 1:07

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Jacqueline Brown
   Street Address: 135 Sutton Court
   City and County: Deer Park, New York 11729
   State and Zip Code:
   Telephone Number: 347 327 6439
   E-mail Address: jb7775a@nyu.edu

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: United States Department
   Job or Title (if known): of Veterans Affairs North
   Port VA Medical Center
   Street Address:
   City and County: 79 Middleville Road
   State and Zip Code: Northport, New York
   Telephone Number: 800-827-1000
   E-mail Address (if known): www.benefits.va.gov

   Defendant No. 2
   Name:
   Job or Title (if known):
   Street Address:
   City and County:

2

  State and Zip Code    _____

  Telephone Number    _____

  E-mail Address

  (if known)    _____

Defendant No. 3

  Name    _____

  Job or Title

  (if known)    _____

  Street Address City    _____

  and County State    _____

  and Zip Code    _____

  Telephone Number    _____

  E-mail Address

  (if known)    _____

Defendant No. 4

  Name    _____

  Job or Title

  (if known)    _____

  Street Address City    _____

  and County State    _____

  and Zip Code    _____

  Telephone Number    _____

  E-mail Address

  (if known)    _____

**II.**   **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A. **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C § 1331 and § 1346 (b)(1)
28 U.S.C § 1391 (b)
28 U.S.C §§ 1346 (b) 2671 - 2680

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

4

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

First cause of action- Medical Negligence malpractice, breach of duty by not treating wound during ER visit 5/14/2024. Acts or omissions caused extensive physical injury, preventable pain, permanent disfigurement, loss of mobility, and diminished quality of life.

5

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Emotional and psychological trauma, past and future physical pain, permanent scarring and disfigurement, compensatory damages in the amount $1,000,000, costs and disbursement of this Action,

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Nov 4, 2025

Signature of Plaintiff: Jacqueline Brown

Printed Name of Plaintiff: Jacqueline Brown

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE BROWN, Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, NORTHPORT VA MEDICAL CENTER, Defendant.

Case No.: _____

COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Jacqueline Brown, a U.S. veteran, brings this civil action under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671–2680) and applicable principles of federal and state medical malpractice law, seeking redress for injuries and lasting harm caused by the grossly negligent acts and omissions of employees of the Northport VA Medical Center. Plaintiff endured preventable medical complications, prolonged physical and psychological suffering, and permanent scarring due to the VA's failure to meet even minimal standards of medical care.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and § 1346(b)(1), as this action arises under federal law and involves the United States as a defendant.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the underlying events occurred at the Northport VA Medical Center, located in Suffolk County, New York.

## PARTIES

Plaintiff Jacqueline Brown is a U.S. military veteran residing in Queens County, New York.

Defendant, the United States Department of Veterans Affairs (VA), is a federal agency that operates the Northport VA Medical Center, where the conduct giving rise to this complaint occurred. The named employees were acting within the scope of their employment at all relevant times.

## FACTUAL BACKGROUND

On May 14, 2024, Plaintiff presented to the Northport VA Emergency Department with a left lower leg injury. Despite the nature of the wound and Plaintiff's complex medical history, medical staff erroneously concluded that the wound did not require closure. Plaintiff was discharged with topical treatments, antibiotics, and instructions to follow up with primary care. (Exhibit A)

On May 15, 2024, Plaintiff was seen in Dermatology. Dr. Sun, recognizing the seriousness of the wound, immediately referred her back to the Emergency Department through General Surgery. (Exhibit B)

Dr. Lee of General Surgery informed Plaintiff that the wound was now beyond the window for suturing due to a 24-hour delay. Dr. Lee issued an apology, acknowledging the failure of prior medical judgment. (Exhibit B)

When Plaintiff demanded accountability, an ER administrator admitted to multiple failures by the nurse practitioner and physician, and stated that "better methods would be implemented." When Plaintiff rejected this inadequate response, the administrator dismissively said, "sue if you don't agree." (Exhibit C)

Plaintiff is a diabetic with pre-existing foot and leg conditions—including plantar fasciitis, Achilles tendonitis, pes planus, and sinus tarsi syndrome—conditions that demand heightened diligence in wound care. The failure to close her wound in a timely manner resulted in severe complications. (Exhibit D)

## INJURIES AND HARM SUFFERED

Due to the VA's gross negligence and delayed care, Plaintiff suffered the following harms:

- Delayed wound closure resulting in wound deterioration

- Failed skin graft surgery, with permanent scarring on her abdomen and leg (Exhibit E)

- Repeated wound debridements, prolonged infections, and extensive casting (Exhibit E)

- Invasive treatments including cortisone injections and pain management with controlled substances (Exhibit F)

- Long-term orthopedic shoe and compression gear requirement (Exhibit F)

- Severe mobility issues, including difficulty walking, standing, and sitting (Exhibit G)

- Loss of independence and inability to perform routine daily activities (Exhibit F)

- Ongoing physical therapy, massage therapy, and potential future surgery (Exhibit F)

These outcomes caused not only physical suffering but also psychological trauma, loss of dignity, and lasting emotional distress.

## FIRST CAUSE OF ACTION – MEDICAL NEGLIGENCE / MALPRACTICE

Defendant, through its medical personnel, owed Plaintiff a duty of care consistent with the standards of medical practice applicable to the treatment of diabetic patients with lower extremity wounds.

Defendant breached that duty by:

- Failing to properly assess and treat Plaintiff's wound during the initial ER visit

- Neglecting to consider Plaintiff's high-risk comorbidities

- Failing to consult surgical intervention within the critical window for wound closure

These acts and omissions directly and proximately caused Plaintiff's extensive physical injury, preventable pain, permanent disfigurement, loss of mobility, and diminished quality of life.

## SECOND CAUSE OF ACTION – FEDERAL TORT CLAIMS ACT VIOLATION

Pursuant to 28 U.S.C. §§ 1346(b), 2671–2680, the United States is liable for personal injuries caused by the negligent or wrongful acts of government employees acting within the scope of their duties.

All medical staff involved were VA employees acting under color of law and within the scope of their employment.

Plaintiff exhausted all required administrative remedies by filing a complaint with the VA Patient Advocacy Office in May 2024. (Exhibit C)

## DAMAGES

As a direct and foreseeable consequence of the Defendant's negligence, Plaintiff has suffered:

- Past and future physical pain

- Permanent scarring and disfigurement

- Emotional and psychological trauma

- Loss of mobility and daily function

- Economic losses due to medical expenses, ongoing treatment, and inability to perform personal and professional responsibilities

Plaintiff seeks compensatory damages in the amount of $1,000,000, or such other amount as determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant for:

A. Compensatory damages in the amount of $1,000,000;

B. Costs and disbursements of this action;

C. Such other and further relief as the Court may deem just and proper.

Dated: October 30, 2025
Respectfully submitted,

Jacqueline Brown
135 Sutton Court
Deer Park, New York 11729
jb775@nyu.edu

VERIFICATION

I, Jacqueline Brown, hereby declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 30 day of October, 2025.

_(signature)_
Jacqueline Brown

State of New York
County of Suffolk
Subscribed and sworn to (or affirmed) before me on this __30__ day of __October__, 20 __25__ by __Jacqueline Brown__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _(signature)_

KENNETH B GODBERSON III
Notary Public, State of New York
No. 01GO6299865
Qualified in Suffolk County
Commission Expires March 24, 20__26__



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (021)
810 Vermont Avenue, NW
Washington, DC 20420
Telephone: (202) 461-4900

Certified Mail-7014 2120 0000 3442 7032

In Reply Refer To: GCL 544565

May 6, 2025

Jacqueline Brown
2202 Commons Way
Deer Park, NY 11729

Re: Administrative Tort Claim – Leg Injury

Dear Ms. Brown:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your administrative tort claim. Our adjudication of your claim included a review of your medical records, a review of your claim by an independent medical reviewer, and interviews of medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed the claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded there was no negligent or wrongful act on the part of a VA employee acting within the scope of employment that caused compensable harm. Accordingly, we deny the claim.

If you are dissatisfied with the denial of the claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. You must initiate the suit within six (6) months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

You may also want to inquire into whether you qualify for VA benefits under 38 U.S.C. § 1151 (called an "1151 claim") as determined by the Veterans Benefits Administration (VBA). For more information on submitting an 1151 claim please visit https://www.va.gov/disability/eligibility/special-claims/1151-claims-title-38/.

(443) 764-4409. Please note, VA staff handling FTCA claims work for the federal government and cannot provide you with legal advice or representation.

Sincerely,

*Tina Person*

Tina Person
Legal Assistant